# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. ROBBIE O. ALLEN

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S48,313    Phyllis H. Miller, Judge**

_____

**No. E2004-00850-CCA-R3-CD - Filed February 24, 2005**

_____

The appellant, Robbie O. Allen, entered <u>Alford</u> pleas in the Sullivan County Criminal Court to two counts of felony failure to appear. Following a sentencing hearing, the trial court sentenced the appellant on each count to two years incarceration in the Tennessee Department of Correction, to be served concurrently. On appeal, the appellant challenges the trial court's denial of alternative sentencing. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

William A. Kennedy, Blountville, Tennessee, for the appellant, Robbie O. Allen.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The State recited the following facts at the plea hearing:

> [O]n September 26th, 2003, the [appellant] was to appear . . . in the Criminal Court for Sullivan County . . . on two cases, the first case being S47,994 in which he was charged with a Class [A] misdemeanor offense of theft under five hundred. He was also to appear in Case No. S48,019, again for a Class A misdemeanor

offense of failure to appear, and on that date, September 26th, 2003
he failed to appear.

The appellant subsequently entered <u>Alford</u> pleas to two counts of failure to appear, Class E felonies, with the length and manner of service of the sentences to be determined by the trial court.[1] Following a hearing, the trial court imposed concurrent two year sentences and denied alternative sentencing. The appellant now brings this appeal challenging the trial court's denial of alternative sentencing.

## II. Analysis

When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that a sentence was improper is on the appellant. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to the sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210 (2003). <u>See also</u> <u>Ashby</u>, 823 S.W.2d at 168.

Tennessee Code Annotated section 40-35-102(5) provides that only "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." A defendant who does not fall within this class of offenders and who is "an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options." Tenn. Code Ann. § 40-35-102(6). Furthermore, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation." <u>State v. Byrd</u>, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993) (citation omitted); <u>see also</u> Tenn. Code Ann. § 40-35-303(a) (2003). However, the presumption of alternative sentencing may be rebutted by "evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); <u>see also</u> <u>State v. Hooper</u>,

---

[1] An <u>Alford</u> plea, also known as a best interest guilty plea, may be entered by a defendant who wishes to plead guilty yet proclaim his innocence. <u>North Carolina v. Alford</u>, 400 U.S. 25, 37-38, 91 S. Ct. 160, 167-68 (1970). The law of this state provides that the trial court may accept a defendant's best interest plea provided that the court is satisfied that there is a factual basis for the plea. <u>Dortch v. State</u>, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985).

29 S.W.3d 1, 5 (Tenn. 2000). Guidance as to what constitutes "evidence to the contrary" is found in Tennessee Code Annotated section 40-35-103(1) (2003), which provides for confinement when:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Additionally, "[t]he potential or lack of potential for rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

At the sentencing hearing, both parties relied on the presentence report. Defense counsel acknowledged the appellant's "fairly extensive record," but noted that the instant convictions were the appellant's first felony convictions. In the appellant's statement to the probation officer who prepared the presentence report, the appellant claimed that he had failed to appear in court as a result of suffering from kidney stones and being heavily medicated. He further claimed that he attempted to contact the court, leaving his cellular telephone number with the court clerk's office. However, he was unsure if the clerk's office telephoned because his cellular telephone "could not get a signal in because of the mountains."

After considering the presentence report and the arguments of counsel, the trial court sentenced the appellant to two years on each conviction, to be served concurrently. The trial court correctly noted that because the appellant was convicted of Class E felonies and sentenced as a Range I standard offender to less than eight years, he was entitled to a presumption in favor of alternative sentencing. However, the trial court denied the appellant's request for alternative sentencing, finding,

> I've gone over all the times that . . . you violated some suspended sentence. You've been placed on probation . . . five times. You've got split confinement one ---- well, maybe that was six times full probation. Split confinement one, two ---- two times you've gotten split confinement, so I find that you've not demonstrated to the Court that full probation would serve the ends of justice, yourself or the community. You do have a history of violence, so I find that you shouldn't be granted community corrections. You have a history of

not obeying court orders. There's no reason to feel that you would obey any orders of this court if I put you in community corrections or on some sort of probation or split confinement or anything like that. Also, I don't find that you're truthful and I don't find that you take responsibility for your actions, considering the fact that you gave this big long statement about kidney stones and why you couldn't be here four days after you went to the emergency room when you went to court somewhere else two days after you were in the emergency room.

We conclude that the record supports the trial court's denial of alternative sentencing. Although these were the appellant's first felony convictions, he has an extensive criminal history of misdemeanor convictions, including assault, theft, and three prior convictions of failure to appear. Moreover, the appellant has been sentenced to probation on numerous occasions but continues to commit criminal offenses. Additionally, the appellant's untruthfulness and failure to accept responsibility for his actions, as found by the trial court, reflect poorly upon his potential for rehabilitation. See State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). Accordingly, we conclude that the trial court properly denied alternative sentencing.

### III. Conclusion

Finding no error, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE